THE late Mr. Winborn Lawton died intestate, leaving a widow, Mary Lawton, and three children, Mrs. Beulah Hughes, Winborn Lawton and William Lawton,
At . the time of the intestate’s death he was seized and possessed of several tracts of land, a house and lot in town, and of 45 negroes, and some other personal perty. Before his death the intestate had made sundry advances to his children, to wit: ten negroes to his son Winborn Lawton, eight negroes to his son William Lawton, and six negroes to his daughter Beulah Hughes.
The parties interested are all of full age, and have consented to a sale of the real estate ; and are desirous of a partition of the personal estate, according to the respective rights of the parties.
The only question made in this case, which requires the consideration of the Court, is, Whether, in allotting to the widow her third part of the estate of her intestate husband, the advances made by him in his life time to the children should be brought into account ? By the *200 statement made, it appears that he had made advances eaC^ c^^1>en» but *n ««equal degree. By one of the clauses of the act for the abolition qf the rights of primogeniture, and for the equitable distribution of in-testates’ estates, it is provided, “ that nothing herein contained shall he construed to give to any child, or issue, (or his or her legal representatives) of the intestate, a share of his or her ancestor’s estate, where sucli child, or issue, shall have been advanced by the intestate in his life time, by portion, or portions, equal to the share which shall be allotted to the other children. But in case any child, or the issue of any child, who shall have been so advanced, shall not have received a portion equal to the share which shall be due to the other children, (the value of which portion being estimated at the death of the ancestor, but so as that neither the improvements of the real estate by such child or children, nor the increase of the personal property shall be taken into the computation) then so much of the estate of the intestate shall be distributed to such child, or issue, as-shall make the estate of all the children to be equal.”
The effect of this provision is to equalize all the children of the testator, by diminishing the quantity of property to be given to a child, who has been advanced by the parent, exactly so much as has been given him in advance. But it is contended, that the right of tho widow, under the act, to one third part of the real and personal estate of her intestate husband, is varied by the circumstance of there being children to whom the intestate had made advances out of his estate during his life: and that, in such case, she is entitled not only to the third part of the estate left by her husband, but to a third part of the estate left, swelled by the addition of the advances made by her husband in his life time' to any of the children ; which advances they must bring in on claiming a further proportion.
By a recurrence to the act it will be found, that the rights of the widow are confined to the property left by the intestate husband. The words are, «that when any *201 person, possessed of, interested in, or entitled to a real estate in Ms or her own right in fee simple, shall die without disposing thereof by will, the same shall be distributed in the following manner : first, if the intestate shall leave a widow and one or more children, the widow shall take one third part of the said estate, and the remainder shall be divided between the children, if more than one ; but if only one, the remainder of the estate shall be vested in that one absolutely forever. The same provision is extended to the personal estate of intestates. The provision is clear and distinct. The widow is to take a tliird of whatever estate the intestate is possessed of, interested in, or entitled to, at the time of his death, and no more or other estate. Nor does the first recited clause, making provision for the case of children who had been advanced, have any relation to the widow: that was intended merely as a rule of equalization among the children. The widow is to take, in all events, a third of what is left, and the children the remaining two thirds. The proportions in which the children take those two thirds among them is of no importance to the widow; but it is of importance to natural justice, legitimated by our act of the legislature, that the children, should receive equal portions of the parent’s property. Hence the necessity of a rule for the division of the two third parts of the intestate’s estate intended for the children, which should prevent those who have been advanced from receiving as much of the two thirds as those who have not been advanced. And the clause of the act regulating this point, and furnishing this rule, expressly confines its provisions to the children, and says nothing of the share of the widow, which had been definitively fixed by the preceding clauses.
It is therefore ordered- and decreed, that the widow chalí receive one third part of the amount sales of the lauded estate, and that one third part of the personal estate, left by the testator at the time of his death, shall he allotted to her ; that the value of the negroes advanced to the three children by the father, in his life time, *202 gball be ascertained at tbe time of his death, (without regard to any natural increase) and added to -the amount of the remaining two third parts of the estate of the intes^ate . and that the same shall be equally divided between the three children, Mrs. Beulah Hughes, Win-•horn Lawton and 'William Lawton, debiting the amount or value of the negroes advanced by the father in his life time, to each of them respectively, as part of his or her share.
From this decree there was no appeal.
Mr. Che ves and Mr. Ford, solicitors.
Note. — This decision is conformable to the English decisions : see 'Ward andLant. Prec. in Chanc. 182, and Lord Kircudbright vs. Lady K. 8 Vesey, 51, 64. in the last case Lord Eldon said that there had been a practical construction of the statute, that the advancement of children is not tobe bro’t into hotch-pot for the benefit of the widow. So the doctrine of hotch-pot is not applicable by the English decisions to a widow’s property. If a widow provides for a child, and dies intestate, leaving several children, the child advanced shall not bring what he received from his mother into hotch-pot. Holt vs. Frederick, 2 P. Wms. 356-7. But this may be questioned in this country; for, in deciding that case, I,ord Chancellor King said that it weighed with him that the act of distribution was founded on the custom of London which never affected a widow’s personal estate; and he decided the question without much debate. Our act for the division of real and the distribution of personal estate, makes the positive and distinct rule that the child provided for shall bring’ into hotch-pot such provision, to entitle himself to any part of the distributive share, on the hroad'gronnd of equalizing the children : so that I apprehend the child advanced by a mother must bring the value of the thing advanced into hotch-pot as well as the child advanced by the father.
If a parent dies intestate as to part only of his personal estate, a child' advanced by him in his life time is not obliged to bring such advancement into hotch-pot, in, order to entitle himself to a distributive share-of such part, whereof lie died intestate. See the 3d vol. of the Amer. ed. of Bacon’s Abridgement, 77, and 14 Vesey, 317, 322-3, Walton vs. Walton: see, too, the case of Sinkler and Richardson vs. Executors of Sinkler, decided in our own Court in the year 1802. 2d vol. of Manus’ Decrees, 179. A grand -child, whose parent has been advanced and died, must bring such advance into hotch-pot before he can be let in to claim, in right of his father, a distributive share. See Proud vs. Turner, SP. Wms. 560-1, decided by Lord Clian. King.
Lands of inheritance by a father to a younger son, is an advancement *203 within the statute of distributions, Cox vs. Baletha, 2 P. Wms. 274, note: and advancement to the eldest son, if .personal property, must be bi-o’t into hotch-pot. 8 Ves. 51, 8. And I apprehend that under our act, advancement of lands of inheritance, to the eldest son, must be brought into hotch-pot. by him when claiming a distributive share; for the act meant to take away all distinctions between the children.
Provision made by a father, by a marriage settlement, is a provision which must be brought into hotch-pot by a child claiming under the settlement ; though provision by a father for a child, by will, need not be brought into hotch-pot, as was solemnly settled in the case of Edwards vs. Freeman, 2 P. Wms. 436, 446, decided by Lord Ch. King, assisted by Lord Raymond, the Master of the Rolls, and Justice Price. See, too, 2. Atk. 635, and 3 Atk. 419.
A gold watch, or wedding clothes, maintenance money at college, •travelling expenses, and inconsiderable sums of money occasionally given-to a child, are none of them such advancements as must be brought into hotch-pot; nor is alimony advanced to a child. — see 1 Atk. 526, Elliott vs. Collier; 3 P. Wms. 317, note O. But an annuity is advancement, vvhichmust be brought into hotch-pot; 8 Vesey, 51, 8 — and buying an office is advancement; 3 P. Wms. 317. Advancement must be by way of portion in marriage, or to setup in the world, and not things given for immediate use and emolument — see 3 Atk. 213, Hearne vs. Barber; 3 Atk. 450, Hume vs. Edwards. Provision by deed to take effect after parent’s death, is such advancement as must be brought into hotch-pot. 2 P. Wms. 441-2. See generally on this subject, 3 Wilson’s American edition of Bacon, p.76-7; Co. Litt. 177; Toller’s Law of Executors. 376 to 398; Cooper’s Justinian, 575.